**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6835**

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

        v.

JOHN MARVIN BALLARD,

              Respondent - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard,
Senior District Judge.  (5:10-hc-02155-H)

Submitted:  June 17, 2015          Decided:  June 26, 2015

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lynne L. Reid, L.L. REID LAW, Chapel Hill, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, R.A.
Renfer, Jr., Michael G. James, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Marvin Ballard appeals the district court's order civilly committing him as a sexually dangerous person, pursuant to the Adam Walsh Act, 18 U.S.C. § 4248 (2012). Although Ballard concedes he meets the first two criteria for civil commitment; namely, that he has engaged in child molestation in the past and presently suffers from a serious mental illness, abnormality, or disorder, he argues that the district court clearly erred in finding he would have serious difficulty in refraining from child molestation if released. According to Ballard, "the evidentiary findings made by the government experts and adopted by the court are so internally inconsistent with the facts such that a reasonable fact finder would not credit them." Finding no reversible error, we affirm.

A determination of sexual dangerousness "is for the factfinder to decide among reasonable interpretations of the evidence and [to] determine the weight accorded to expert witnesses." United States v. Hall, 664 F.3d 456, 467 (4th Cir. 2012) (internal quotation marks omitted); see United States v. Francis, 686 F.3d 265, 275 (4th Cir. 2012) ("[W]hether an individual is mentally ill to this degree turns on the significance of the factual information as viewed by the expert psychiatrists and psychologists."). The serious difficulty prong of sexual dangerousness "refers to the degree of the

2

person's volitional impairment, which impacts the person's ability to refrain from acting upon his deviant sexual interests." Hall, 664 F.3d at 463 (internal quotation marks omitted).

The evaluation of a particular individual's risk of recidivism may be based not only on actuarial tests, but also on factors such as the offender's age, his participation in treatment, his ability to control his impulses, and his commitment to controlling his behavior. Id. at 464. We have also considered an individual's resistance to treatment, continuing "deviant sexual thoughts," and "cognitive distortions and thinking errors about the appropriateness of children as sexual partners[.]" United States v. Wooden, 693 F.3d 440, 462 (4th Cir. 2012). Although consideration of the nature of the respondent's criminal record is a critical part of the serious difficulty analysis, the Government must also present "sufficient evidence of an ongoing volitional impairment[.]" United States v. Antone, 742 F.3d 151, 167-68 (4th Cir. 2014) (emphasis omitted).

The district court's factual findings are reviewed for clear error, while its legal conclusions are reviewed de novo. United States v. Perez, 752 F.3d 398, 404 (4th Cir. 2014). This court grants great deference to factual findings based on credibility determinations. United States v. Heyer, 740 F.3d

3

284, 292 (4th Cir. 2014). "[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." Wooden, 693 F.3d at 451 (internal quotation marks omitted). Moreover, "evaluating the credibility of experts and the value of their opinions is a function best committed to the district courts, and one to which appellate courts must defer, and the Court should be especially reluctant to set aside a finding based on the trial court's evaluation of conflicting expert testimony." Heyer, 740 F.3d at 292.

Although "clear-error review is deferential, it is not toothless." Wooden, 693 F.3d at 452 (internal quotation marks omitted). Thus, "we may discern clear error when a court makes findings without properly taking into account substantial evidence to the contrary." United States v. Caporale, 701 F.3d 128, 140 (4th Cir. 2012) (internal quotation marks omitted). We have reviewed the record and have considered Ballard's arguments and conclude that the district court did not clearly err in finding that Ballard would have seriously difficulty refraining from sexually violent conduct or child molestation if released from incarceration.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED